# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

October 19, 2022

RE: *Walter Black, III v. USAA General Indemnity Company, et al.*,
PJM-21-1581

## LETTER ORDER

Dear Parties:

The undersigned has taken over this case from Judge Grimm, who has apparently discovered a conflict of interest. This Letter Order addresses Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 39, and Plaintiff's letter Motion to Strike certain documents attached to Defendants' motion, ECF No. 40. The Plaintiff's letter motion has been fully briefed[1] and, although Defendants' motion is not fully briefed, it raises a jurisdictional issue that the Court must also review *sua sponte*,[2] such that a full briefing on the merits is not needed to resolve the jurisdictional issue. No hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Plaintiff's letter motion is **DENIED AS MOOT**, Defendants' motion is **DENIED WITHOUT PREJUDICE,** and this case is **ADMINISTRATIVELY CLOSED** until the outcome of the anticipated administrative adjudication of Plaintiff's claims.

Plaintiff Walter Black III filed this putative class action complaint against Defendants, USAA General Indemnity Company, Garrison Property and Casualty Insurance Company, United Services Automobile Association, and USAA Casualty Insurance Company, alleging violation of the Maryland Insurance Article §§ 27-216(b)(3)(i) and (b)(3)(ii)(2), breach of contract, and unjust enrichment. Compl., ECF No. 1. Plaintiff alleges that Defendants charged automobile insurance policyholders late fees without the legally required approval from the Maryland Insurance Commissioner, then entered into a Consent Order to remedy the violations, but thereafter failed to fully compensate the members who had been improperly charged by not paying accrued interest on the refunded fees. ECF No. 1 ¶¶ 4-8. Defendants contend that this Court lacks subject matter jurisdiction because Plaintiff "failed to exhaust his administrative remedies under Maryland's comprehensive administrative procedures addressing unfair trade practices and other prohibited

---

[1] *See* ECF Nos. 40, 42, 43.

[2] A court may consider subject matter jurisdiction *sua sponte* as part of its initial review of the Complaint. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

acts by filing suit in this Court." Mot. Mem. 2, ECF No. 39-1. Defendants assert that the Maryland Insurance Administration ("MIA") has exclusive jurisdiction over Mr. Black's claims. *Id.*

The Court considers first Plaintiff's request that the Court strike a document that was attached to Defendants' motion to dismiss, specifically a letter from the Maryland Insurance Administration to Counsel for United Services Automobile Association regarding the initiation of a market conduct action into Defendants' actions, which ultimately resulted in the Consent Order that Plaintiff attached to his Complaint. Pl.'s Letter Mot. 1 (referring to Defendants' Mot. Ex. 1 at 15, ECF No. 39-3). Plaintiff argues that consideration of the letter converts the motion to one for summary judgment. *Id.* However, when reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

More importantly, Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff failed to exhaust administrative remedies. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW–09–2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982) (same). If the defendant alleges as much, then "the Court may ... consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[ ] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment."). Regardless, it is unnecessary to consider the disputed document to resolve the jurisdictional issue. Nor is jurisdictional discovery required. Therefore, Plaintiff's letter motion is denied as **MOOT**.

"While sometimes the Legislature will set forth its intent as to whether an administrative remedy is to be exclusive, or primary, or simply a fully concurrent option, most often statutes fail to specify the category in which an administrative remedy falls." *Zappone v. Liberty Life Ins. Co.*, 706 A.2d 1060, 1068 (Md. 1998).[3] Certainly, as Defendants assert, the General Assembly created a comprehensive regulatory remedial scheme, which is an indication that the Legislature intended that the administrative remedy be primary. *See Carter v. Huntington Title & Escrow, LLC*, 24 A.3d 722, 735 (Md. 2011) (citing *Zappone*, 706 A.2d at 1070). Under Maryland law, when the statutory text creating an administrative remedy does not explicitly specify the Legislature's intent, there is "a presumption that the administrative remedy is intended to be primary, and that a claimant cannot maintain the alternative judicial action without first invoking and exhausting the

---

[3] If the administrative remedy is exclusive, there is no alternative cause of action; if the remedy is primary, but not exclusive, the claimant must invoke and exhaust the administrative remedy and then seek judicial review; if the remedy is concurrent, the claimant has the option to pursue a judicial remedy without invoking and exhausting the administrative remedy. *Zappone*, 706 A.2d at 1067-68.

2

administrative remedy." *Zappone*, 706 A.2d at 1069; *see also United Ins. Co. of Am. v. Md. Ins. Admin.*, 144 A.3d 1230, 1238 (Md. 2016) ("In the absence of specific statutory language indicating the type of administrative remedy, there is a rebuttable presumption that an administrative remedy was intended to be primary."). The presumption may be rebutted after consideration of the following four factors, referred to as the *Zappone* factors: "1) the comprehensiveness of the administrative remedy in addressing an aggrieved party's claim; 2) the administrative agency's view of its jurisdiction over the matter; 3) the claim's dependence upon the statutory scheme; and 4) the claim's dependence upon the administrative agency's expertise." *United*, 144 A.3d at 1239 (citing *Zappone*, 706 A.2d at 1069-70).

In *Carter*, the plaintiff filed a putative class action claiming that the insurer had overcharged in violation of the Unfair Trade Practices Title of the Insurance Article, similar to plaintiff's claims[4] in this case. 24 A.3d at 725. The *Carter* court analyzed the *Zappone* factors, found that the plaintiff's claims were dependent on the statutory violations even though they were recast as common law claims, and held that primary jurisdiction was vested in the MIA, which obligated the plaintiff to first exhaust his administrative remedies. *Id.* at 735. These factors weigh in favor of the MIA having primary jurisdiction over Plaintiff's claims in this case. The *Carter* court found "indicia suggesting that the Legislature evinced a preference for primary jurisdiction" for claims implicating violations of the Insurance Code, including the language in the penalty provisions of the Insurance Code referring to the findings or beliefs of "the Commissioner," which imply "that the MIA, not the courts, should take the first cut at such claims." *Id.* at 734.

Plaintiff argues that MIA has already made a decision regarding the statutory violations, rendering it futile to seek an administrative remedy. Pl.'s Letter Reply 2-3. But Plaintiff also states that the Consent Order makes no mention of "interest" or waiver of interest. *Id.* at 3. Therefore, based on Plaintiff's pleadings, it is clear that MIA has not reviewed nor has it reached any decision with respect to the specific violations Plaintiff alleges and the remedies he seeks. As stated in the Consent Order:

> Nothing herein shall be deemed a waiver of the Commissioner's right to proceed in an administrative action or civil action for violations not specifically identified in this Order, including, but not limited to, specific consumer complaints received by the Administration, nor shall anything herein be deemed a waiver of the right of Respondents to contest other proceedings by the Administration. This Order shall not be construed to resolve or preclude any potential or pending civil, administrative, or criminal action or prosecution by any other person, entity or governmental authority . . . .

Compl., Ex. 1, ECF No. 1-1.

---

[4] Plaintiff claims Defendants violated the Maryland Insurance Article § 27-216, restrictions relating to premiums and charges, which is under Subtitle 2, unfair methods of competition and unfair and deceptive acts or practices, under Title 27, unfair trade practices and other prohibited practices.

3

"The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." *Carter*, 24 A.3d at 728 n.7 (quoting *Arroyo v. Board of Education of Howard Cnty.*, 851 A.2d 576, 583-84 (2004)). Courts should decline to exercise review of an agency action that is not the final word on the matter, "where the proper resolution is to require the matter to be addressed by the agency." *Id.* (citations omitted). Upon review of the pleadings, the Court concludes that Plaintiff's claims depend on the statutory violations and should be considered by the MIA first.

A finding that MIA has primary jurisdiction over the claims does not require me to dismiss the case. *See Monarch Academy Baltimore Campus, Inc. v. Baltimore City Board of School Commissioners*, 175 A.3d 757, 764-65 (Md. 2017). "Because primary jurisdiction only prohibits the adjudication of a claim in court prior to the exhaustion of the administrative remedy, the [*Carter*] Court instructed the circuit court to 'stay further proceedings regarding the judicial complaint until the outcome of the administrative adjudication,' leaving open the possibility of dismissal if the plaintiff does not timely pursue administrative relief." *Ross v. Twenty-Four/Seven Bail Bonds, LLC*, 471 F. Supp. 3d 673, 683 (D. Md. 2020) (quoting *Carter*, 24 A.3d at 741).

Accordingly, the Court will **DENY WITHOUT PREJUDICE** Defendants' Motion to Dismiss, ECF No. 39. This case will be **STAYED AND ADMINISTRATIVE CLOSED**, pending MIA's adjudication of Plaintiff's claims. If Plaintiff does not pursue administrative relief within 90 days, Defendants are directed to notify this Court, and Plaintiff's claims may be dismissed. Alternately, if the stay is lifted, Defendant will be permitted to refile its motion to dismiss, so this case can proceed on the merits.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Peter J. Messitte
United States District Judge