IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER BLACK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 21-cv-1581-LKG |
| | ) | |
| v. | ) | Dated: December 16, 2025 |
| | ) | |
| USAA GENERAL INDEMNITY | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER ON THE PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.     INTRODUCTION

The Plaintiffs in this putative class action matter, Walter Black III, Keith Barr, Wayne Best and David Fant, Sr., have filed a consent motion for preliminary approval of class action settlement to resolve all claims the Defendants, United Services Automobile Association ("USAA"), USAA General Indemnity Company, Garrison Property and Casualty Insurance Company and USAA Casualty Insurance Company, in this case. *See* ECF No. 86. The Court held a hearing on this motion on November 19, 2025. ECF No. 112. For the reasons that follow, the Court: (1) **GRANTS** the Plaintiffs' consent motion for preliminary approval of class action settlement (ECF No. 110); (2) **CONDITIONALLY CERTIFIES** the Proposed Settlement Class; (3) **APPOINTS** the Proposed Class Counsel; and (4) **PRELIMINARILY APPROVES** the Settlement Agreement.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

<u>Background</u>

In this putative class action matter, the Plaintiffs allege that the Defendants illegally collected certain late fees from more than 127,000 Maryland insurance policyholders, including

---

[1] The facts recited herein are taken from the amended complaint, the Plaintiffs' consent motion for preliminary approval of the settlement, and the memorandum of law and exhibits in support thereof. ECF Nos. 86, 110, 110-1, 110-2 and 110-3. Unless otherwise stated, the facts recited herein are undisputed.

the Plaintiffs, between June 27, 2011, and September 30, 2019, in violation of Maryland Insurance Code § 27-216(b)(3)(i) and (b)(3)(ii)(2). *See* ECF No. 86. The Plaintiff seek to recover the gains, profits, interest and/or otherwise increased value of these wrongly assessed late fees which they contend the Defendants improperly obtained from their policyholders. *Id*. And so, the Plaintiffs assert the following two claims in the amended complaint: (1) money had and received (Count I) and (2) unjust enrichment (Count II). *Id*. at ¶¶ 80-96.

As background, the Plaintiffs, Walter Black III, Keith Barr, Wayne Best and David Fant, are the Defendants' current or former policyholders and residents of the state of Maryland. ECF No. 86 at ¶¶ 15, 19, 24 and 29. Defendant USAA is a reciprocal interinsurance exchange with its principal place of business located in San Antonio, Texas. *Id*. at ¶ 34. The remaining Defendants, USAA General Indemnity Company, Garrison Property and Casualty Insurance Company and USAA Casualty Insurance Company, are insurance companies that are subsidiaries of USAA with their principal place of business located in San Antonio Texas. *Id*. at ¶¶ 35, 36 and 37.

On June 25, 2021, Plaintiff Walter Black III filed this putative class action mater against the Defendants on behalf of himself and others similarly situated. ECF No. 1. The Plaintiffs allege in this case that they and the members of the putative class are entitled to millions of dollars in gains, profits, and/or otherwise increased funds Defendants earned through its illegal collection of Plaintiff Black and the putative class's monies. *See* ECF No. 86.

Specifically, the Plaintiffs allege that the Defendants illegally collected late fees from more than 127,000 Maryland policyholders, including the Plaintiffs, between June 27, 2011, and September 30, 2019, in violation of Maryland Insurance Code § 27-216(b)(3)(i) and (b)(3)(ii)(2). *Id*. The Plaintiffs also allege that the Defendants are interrelated insurance entities and that Defendant USAA is a reciprocal interinsurance exchange who receives insurance applications from military service members, veterans or their families, and then determines whether it or one of its subsidiaries, including Defendant USAA GIC, Garrison, or USAA-CIC will underwrite the policy. *See id*. at ¶¶ 4 and 34-38.

In 2018, a USAA member filed a consumer complaint against the Defendants with the Maryland Insurance Administration ("MIA") about an unrelated matter. ECF No. 86 at ¶ 50. During the investigation, the MIA investigated the Defendants' alleged violation of the Maryland Insurance Article and found that the Defendants had improperly assessed late fees on their

policyholders.  *Id.* at ¶¶ 50-51.  And so, the MIA concluded that Defendants had improperly collected millions in late fees from their policyholders during the period June 2011 and September 2019.  *Id.* at ¶ 93.

In March of 2020, the Defendants refunded these late fees to their policyholders, including the Plaintiffs.  *Id.* at ¶ 59.  But the Defendants did not return to their policyholders the gains, profits, interest and/or otherwise increased value of the wrongly assessed late fees.  *Id.* at ¶¶ 18, 22, 26, 32 and 59-68.  In July of 2020, the Defendants and the MIA entered into a final consent order (the "Consent Order"), which documented the MIA investigation, internal audit, and refunds issued to the Defendants' policyholders.  *Id.* at ¶ 55.

The Plaintiffs contend in this case that the Defendants did not have a legal or equitable basis to retain the gains from the improperly assed late fees.  *Id.* at ¶ 9.  Given this, the Plaintiffs also contend that it would be unequitable for the Defendants to retain the interest, other financial gains and monies to which they had no right at law or equity and that the Defendants have been unjustly enriched by retaining these funds.  *Id.* at ¶¶ 80-96.  And so, the Plaintiffs seek, among other things, an award of restitution for all funds acquired and subsequently earned "from the Defendants' unlawful collection of late fees."  *Id.* at Prayer for Relief.

The Settlement Agreement

The parties have entered into a settlement agreement and release (the "Settlement Agreement") to resolve the Plaintiffs' claims.  ECF No. 110-1.  The key provisions of the Settlement Agreement are summarized below.

First, the parties propose defining and certifying the "Settlement Class" in this case as follows:

> All individuals who, per the Consent Order, received Late fee refunds.
>
> Excluded from the class are the Honorable Lydia Kay Griggsby, any and all court staff who would otherwise qualify as putative class members, Plaintiffs' Counsel who would otherwise qualify as putative class members, and Defendants' Counsel who would otherwise qualify as putative class members.

*Id.* at ¶ 60.  Second, Section IV of the Settlement Agreement addresses the Settlement consideration and escrow account and provides that, among other things, the Defendants will deposit $5 million into an escrow account to be used to compensate the Settlement Class

members. *Id*. at ¶ 69. The Settlement Agreement also provides that the Defendants will separately pay all administration costs associated with the Settlement. *Id*.

Third, Section XI of the Settlement Agreement addresses the calculation and disbursement of the Settlement payments and provides that an administrator will be responsible for calculating the amounts payable to the members of the Settlement Class. *Id*. at ¶¶ 103-104. In this regard, the Settlement Agreement provides that the Settlement Administrator shall distribute the Net Settlement Fund to Settlement Class Members, as follows:

> Settlement Class Member Payments to Current Policyholders shall be made by a credit to those Policyholders' Accounts maintained individually at the time of the credit. The Settlement Administrator shall transfer the funds necessary for Defendants to make these credits no later than 30 days after the Effective Date. Defendants shall notify Current Policyholders of any such credit on the statement on which the credit is reflected by stating "Late Fee Litigation Credit" or something similar. Defendants will bear any costs associated with implementing the credits and notification required by this paragraph. If by the deadline for Defendants to apply credits of Settlement Class Member Payments to the statements Defendants are unable to complete certain credits, or it is not feasible or reasonable to make the payment by a credit, Defendants shall deliver the total amount of such unsuccessful Settlement Class Member Payment credits to the Settlement Administrator to be paid by check in accordance with subparagraph b. below.
>
> Settlement Fund Payments to Former Policyholders will be made by check with an appropriate legend, in a form approved by Class Counsel and Defendants' Counsel, to indicate that it is from the Settlement Fund. Checks will be cut and mailed by the Settlement Administrator and will be sent to the addresses that the Settlement Administrator reasonably believes is valid. Checks initially sent shall be valid for 180 days. Reissued checks shall be valid for 60 days. Checks will be made payable to the same person or estate as was used for late fee refunds per the Consent Order Files unless agreed otherwise by counsel for Plaintiffs and Defendants given the facts and circumstances of a particular request. The Settlement Administrator will make reasonable efforts to locate the current address for any intended recipient of Settlement Funds whose check is returned by the Postal Service as undeliverable (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose), and will remail it once if an updated address is located. In the event of any complications arising in connection with the issuance or cashing of a check, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel . . . .

*Id*. at ¶ 106.

Fourth, Section XIII of the Settlement Agreement contains a release provision, which provides that:

> As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from the Released Claims.
>
> Each Settlement Class Member is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.
>
> Plaintiffs or any Settlement Class Member may hereafter discover facts . . . with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein.
>
> Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be released . . . .
>
> In addition to the releases made by Plaintiffs and Settlement Class Members above, Plaintiffs, including each and every one of their agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in this Agreement: This named Plaintiff agrees to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

*Id*. at ¶¶ 110-113.

Fifth, Section IX of the Settlement Agreement addresses the parties' plan to provide

notice to the members of the Proposed Settlement Class, and provides that:

> Notice shall be provided to Settlement Class Members in three different ways: (a) Email Notice to Current and Former Policyholders for whom Defendants have email addresses; (b) Postcard Notice to those Current and Former Policyholders for whom Defendants do not have email addresses and for those who have not agreed to electronic transactions with Defendants, or for which the Email Notice is returned undeliverable; and (c) Long Form Notice with greater detail than the Email Notice and Postcard Notice, which shall be available on the Settlement Website and/or via mail upon request by a Settlement Class Member to the Settlement Administrator. Not all Settlement Class Members will receive all three forms of Notice, as detailed herein.

*Id*. at ¶ 89.

> The Notice shall include, among other information: a description of the material terms of the Settlement; a deadline by which Settlement Class Members may opt-out of the Settlement Class; a deadline by which Settlement Class Members may object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing, location, date, and time; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and Defendants shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

*Id*. at ¶ 91. And so, the proposed Notice describes the procedure for objecting to the Settlement Agreement and states the date, time and place of the Final Approval Hearing.[2] *See id*. at ¶¶ 93 and 98-100.

Lastly, Section XIV of the Settlement Agreement addresses the payment of attorney's fees, litigation costs and service awards and provides, in relevant part, that:

> Class Counsel shall be entitled to request an award of reasonable attorneys' fees and request reimbursement of reasonable litigation costs, to be determined by the Court. Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund and together with the Service Awards discussed below shall not

---

[2] The Settlement Agreement also provides that the Settlement Website is located at www.usaalatefeelitigation.com and includes, among other things, hyperlinked access to the Settlement Agreement, the Long Form Notice, the Preliminary Approval Order, the Final Approval Order, the Final Judgment and that these documents shall remain on the Settlement Website at least until Final Approval. ECF No. 110-1 at ¶ 66.

6

exceed $2 million, resulting in at least $3 million of the Settlement Fund being distributed as Settlement Class Member Payments.

Class Counsel shall be entitled to request the Court to approve a Service Award to each Settlement Class Representative as follows: to Plaintiff Walter Black in an amount up to $7,500.00, and to Plaintiffs Keith Barr, Wayne Best, and David Fant Sr. in an amount up to $3,500.00. The Service Awards shall be paid by the Settlement Administrator to the Settlement Class Representative within 10 days of the Effective Date. The Service Awards shall be paid to the Settlement Class Representatives in addition to their Settlement Class Member Payment. The Parties agree the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement from becoming effective, nor shall it be grounds for termination.

*Id*. at ¶¶ 114 and 118.

<u>The Proposed Class Counsel</u>

The Plaintiffs also seek the appointment the following attorneys to serve as Class Counsel in this putative class action matter: Jonathan Kagan of Kagan Stern Marinello & Beard LLC; Keith T. Vernon and Andrew W. Knox Timoney Knox, LLP; and Andrea R. Gold and Gemma Seidita of Tycko & Zavareei LLP (the "Proposed Class Counsel").  *See* ECF No. 110-2.

In this regard, the Plaintiffs represent that Mr. Kagan is the managing partner at the law firm of Kagan Stern Marinello & Beard, LLC and that he has been practicing law for 32 years. *See id*. at ¶¶ 32-33.  The Plaintiffs also represent that, Mr. Kagan has extensive experience handling complex civil disputes involving financial institutions and insurance companies.  *Id*. at ¶¶ 36-37.  The Plaintiffs also represent that Mr. Vernon has practiced law for 29 years and that he has substantial experience handling complex civil litigation and class action litigation, including serving as class counsel in several class action matters.  *See id*. at ¶¶ 23, 26 and 27. The Plaintiffs further represent that Mr. Knox has been practicing law for 15 years and that has been named counsel of record in several class action matters.  *See id*. at ¶¶ 28, 29 and 30.

In addition, the Plaintiffs represent that Ms. Gold has litigated matters on behalf of consumers injured by unlawful insurance practices and unfair and deceptive business practices for 19 years and that she been appointed as class counsel or settlement class counsel in numerous class actions.  *Id*. at ¶¶ 15-17.  Lastly, the Plaintiffs represent that Ms. Seidita has practiced law for six years and has been named as class counsel in numerous class actions.  *Id*. at ¶¶ 19-20.

### B. Procedural History

The Plaintiffs commenced this putative class action matter on June 25, 2021. ECF No. 1. On March 24, 2025, the Plaintiffs filed the amended complaint. ECF No. 86.

On September 16, 2025, the Plaintiffs filed a consent motion for preliminary approval of the settlement, a memorandum in support thereof, and documents related thereto. ECF Nos. 110, 110-1, 110-2, 110-3 and 110-4. The Court held a hearing on the Plaintiffs' motion on November 19, 2025. ECF No. 112.

### III.     STANDARDS OF DECISION

### A. Class Certification

To certify a class for settlement, the Court must confirm that this action comports with Rules 23(a) and (b) of the Federal Rules of Civil Procedure. *Starr v. Credible Behav. Health, Inc*., No. CV 20-2986 PJM, 2021 WL 2141542, at *3 (D. Md. May 26, 2021) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-20 (1997)); *see also Shaver v. Gills Eldersburg, Inc.*, No. 14-3977-JMC, 2016 WL 1625835, at *2 (D. Md. Apr. 25, 2016) ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b)."). In this regard, Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

To meet the numerosity requirement under Rule 23(a), there must be a showing that the proposed class is so numerous that "joinder of all members is impractical." *Starr*, 2021 WL 2141542, at *3 (quoting Fed. R. Civ. P. 23(a)). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a class with more than 30 members generally satisfies this requirement. *See id.* (citing *Williams v. Henderson*, 129 F. App'x 806, 811 (4th Cir.

2005)).  The commonality requirement is satisfied when the prospective class members share the same central facts and applicable law.  *Id.* (citing *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010)).

In addition, to meet the typicality requirement, "[t]he claims need not be identical, but the claims or defenses must have arisen from the same course of conduct and must share the same legal theory."  *Id.* (citing *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 498 (D. Md. 1998)).  The Fourth Circuit has also held that a class action is appropriate only when both class representatives and class counsel adequately protect the interests of the class.  *Bell v. Brockett*, 922 F.3d 502, 510 (4th Cir. 2019).  Give this, "the adequacy-of-representation requirement centers on: (1) class counsel's competency and willingness to prosecute the action and (2) whether any conflict of interest exists between the named parties and the class they represent."  *Starr*, 2021 WL 2141542, at *3 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 288 (D. Md. 2008)).  And so, "[r]epresentation is adequate if the plaintiffs' attorneys are qualified and able to prosecute the action on behalf of the class."  *Id.* (citing *Cuthie*, 743 F.2d at 499).

In addition, Federal Rule of Civil Procedure 23(b)(3) provides that:

> A class action may be maintained if Rule 23(a) is satisfied and if: . . . .
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)   the likely difficulties in managing a class action.

Fed. R. Civ. P. 26(b)(3).  And so, the Court has held that "[w]here the purported class members were subject to the same harm resulting from the defendant's conduct and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied."  *Starr*, 2021 WL 2141542, at *4 (citing *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010)).

"Unless a statute provides otherwise, a court that certifies a class must appoint class

9

counsel." Fed. R. Civ. P. 23(g)(1).  In doing so, the Court considers the following criteria:

> (1)  the work counsel has done in identifying or investigating potential claims in the action;
>
> (2)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (3)  counsel's knowledge of the applicable law; and
>
> (4)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B); 7B Charles Alan Wright, et al., Federal Practice and Procedure §1802.3 (3d ed. 2005).

### B. Approval Of Class Action Settlement

"Whether to preliminarily approve a proposed class action settlement lies within the sound discretion of the district court."  *Curtis v. Genesis Eng'g Sols., Inc*., No. GJH-21-722, 2022 WL 1062024, at *2 (D. Md. Apr. 8, 2022) (citation omitted).  Under Fed. R. Civ. P. 23, the Court is to direct notice of a proposed settlement if it seems "likely" that it would give final approval of the settlement.  Fed. R. Civ. P. 23(e)(1)(B).  At the preliminary approval stage, the Court is required to assess whether there is "'probable cause' to submit the proposal to members of the class and to hold a full-scale hearing on its fairness."  *In re Am. Cap. S'holder Derivative Litig*., 2013 WL 3322294, at *3 (quoting *In re Mid-Atl. Toyota Antitrust Litig*., 564 F. Supp. 1379, 1384 (D. Md. 1983)).  In this regard, there must be a "basic showing" that the proposed settlement "is sufficiently within the range of reasonableness so that notice should be given."  *Id*. (internal quotation marks and ellipsis omitted).  And so, the Court makes "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms" and "direct[s] the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  *Id*. (quoting Manual for Complex Litig. (Fourth), §21.632 (2004)).

To determine whether it can give preliminary approval to the Settlement Agreement, the Court looks to the factors in Fed. Rule Civ. P. 23(e)(2):

> (A)  the class representatives and class counsel have adequately represented the class;
>
> (B)  the proposal was negotiated at arm's length;
>
> (C)  the relief provided for the class is adequate, taking into account:
> > (i)  the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "With regard to the 'fairness' element, the purpose of the inquiry is to protect against the danger of counsel—who are commonly repeat players in larger-scale litigation—from 'compromising a suit for an inadequate amount for the sake of insuring a fee.'" *In re Am. Cap. S'holder Derivative Litig.*, No. CIV. 11-2424 PJM, 2013 WL 3322294, at *3 (D. Md. June 28, 2013) (citations omitted). And so, the Court considers the following factors when determining fairness: (1) whether the proposed settlement is the product of good faith bargaining at arm's length; (2) the posture of the case at settlement; (3) the extent and sufficiency of discovery conducted; (4) counsel's experience with similar litigation and their relevant qualifications; and (5) any pertinent circumstances surrounding the negotiations. *Id.* (citations omitted).

As to the "adequacy" prong, the court "weigh[s] the likelihood of the plaintiff's recovery on the merits against the amount offered in settlement." *Id.* (citations omitted). And so, the Court considers the following factors in assessing the substantive adequacy of the proposed settlement: (1) the relative strength and weaknesses of the plaintiffs' case on the merits; (2) the cost of additional litigation; (3) defendants' ability to pay a judgment; and (4) any opposition to the settlement. *In re Am. Cap. S'holder Derivative Litig.*, 2013 WL 3322294, at *3 (internal quotation marks and citations omitted).

Once the Court determines that approval of a proposed settlement agreement would be fair, reasonable and equitable, pursuant to Fed. R. Civ. P. 23(e)(2), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the [C]ourt will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). In this regard, Rule 23 provides that the Court:

must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or

11

more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

    (i)   the nature of the action

    (ii)  the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v)  that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Lastly, the notice must satisfy due process and be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950) (citations omitted); *see also McAdams v. Robinson*, 26 F.4th 149, 158 (4th Cir. 2022) (discussing due process requirements and Rule 23(e) notice requirements); *Snider Int'l Corp. v. Town of Forest Heights, Md*., 739 F.3d 140, 146 (4th Cir. 2014) (citation omitted) (holding that due process does not require that each person affected by judicial action actually receive notice of a proposed settlement, but does require that "a serious effort" be made to inform interested parties).

## IV.    ANALYSIS

### A.  The Court Conditionally Certifies The Proposed Settlement Class

As an initial matter, the Court first considers whether to preliminarily certify the Proposed Settlement Class in this putative class action matter. For the reasons stated below, the Court CONDITIONALLY CERTIFIES the Rule 23 Settlement Class.

In determining whether to conditionally certify a class, the Court must confirm that this action comports with Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(a)-(b); *see Starr*, 2021 WL 2141542, at \*3 (citation omitted); *see also Shaver*, 2016 WL 1625835, at \*3 ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b)."). In this regard, Rule 23(a) provides that:

One or more members of a class may sue or be sued as representative

> parties on behalf of all members only if:
>
> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The Court is satisfied that the requirements of Rule 23(a) have been met in this case for several reasons. First, the numerosity requirement under Rule 23(a) is satisfied here, because the Plaintiffs have shown that several thousand individuals fall within the proposed Settlement Class. Notably, the proposed Settlement Class includes "[a]ll individuals who, per the Consent Order, received Late fee refunds" from the Defendants. ECF No. 110-1 at ¶ 60. The Plaintiffs represent to the Court that more than 127,000 people received such late fee refunds. *See* ECF 110-1 at 2; ECF No. 86. And so, joinder of these many individuals to this case would be impractical. *See Starr*, 2021 WL 2141542, at *3 (quoting Fed. R. Civ. P. 23(a)).

The commonality requirement is also satisfied here, because the money had and received and unjust enrichment claims in this case allegations arise from the same common nucleus of operative facts related to the Defendants' improper assessment of late fees and raise common questions of law. Notably, the parties agree that the questions of law and fact common to the Proposed Settlement Class include:

> a.    Whether the Defendants unlawfully withheld interest on their financial gains made on Late Fees that they assessed in violation of the Maryland Insurance Article § 27- 216(b)(3)(i) and (b)(3)(ii)(2);
>
> b.    Whether the Defendants were unjustly enriched by their improper conduct;
>
> c.    Whether the Defendants should not have been permitted to retain the interest and financial gains made on the Late Fees;
>
> d.    Whether the Defendants withheld information from members related to the violation, preventing the putative Class Members from being aware they are owed money;
>
> e.    Whether the Defendants refunded the Plaintiffs and members of the putative Class the interest accrued on or the financial gains made on the unlawfully collected Late Fees; and

f.  Whether the Defendants are liable for restitution and the amount of
such damages and/or restitution.

ECF No. 110 at 14.  And so, these common questions of law and fact are capable of being
efficiently adjudicated and administered in the same case.

The claims of the named Plaintiffs are also typical of the claims of the Proposed
Settlement Class Members.  Here, the named Plaintiffs' claims and the proposed Settlement
Class members' claims arise out of the same course of conduct—the Defendants' wrongful
assessment and collection of Late Fees, and refunding only the principal amount of the Late Fees
without any interest and/or financial gains accrued.  *Compare* ECF No. 110-1 *with* ECF No. 86;
*see also Starr*, 2021 WL 2141542, at *3 (To meet the typicality requirement, "[t]he claims need
not be identical, but the claims or defenses must have arisen from the same course of conduct
and must share the same legal theory.").  And so, the Plaintiffs have shown that their claims arise
out of the same legal theory as those of the Proposed Settlement Class Members.

The Court is also satisfied that the named Plaintiffs and proposed Class Counsel will
adequately represent the Proposed Settlement Class Members.  In this regard, the Plaintiffs seek
the appointment of five attorneys to serve as Class Counsel in this case.  *See* ECF No. 110-2.
Each of these lawyers have significant experience handling complex civil litigation and/or
federal class action matters.  *See id*.  These attorneys have also ably represented the Plaintiffs in
this case for more than four years.  ECF No. 110 at 28.

The Court is also satisfied that there is no conflict of interest between the named
Plaintiffs and the proposed Settlement Class Members.  The named Plaintiffs in this case, like
the Proposed Class Members, were charged improper Late Fees by the Defendants and received
a refund for the amount of the assessed Late Fees without any interest and/or gains the
Defendants made on that money while it was in their possession.  *See* ECF No. 110-1 at ¶ 60;
ECF No. 110 at 24; ECF No. 86.  Given this, the named Plaintiffs have an incentive to maximize
the recovery to the Class through this litigation.  ECF No. 110 at 24; *see also Bell*, 922 F.3d at
510 (A class action is appropriate only when both class representatives and class counsel
adequately protect the interests of the class.).  And so, the named Plaintiffs' interests are aligned
with the interests of the Class Members.

As a final matter, the Court is also satisfied that the requirements of Rule 23(b) have been
met in this case.  As discussed above, the Plaintiffs have shown that common issues predominate

in this case—namely, questions common to all Settlement Class Member arise from the "central claim that [the] Defendants unlawfully and improperly withheld accrued interest or improperly withheld their financial gains made on unlawfully assessed Late Fees." ECF No. 110 at 13; *see also Starr*, 2021 WL 2141542, at *4 ("Where the purported class members were subject to the same harm resulting from the defendant's conduct[,] and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied."). Here, the Plaintiffs also persuasively argue that a class action is a superior way to litigate this dispute, because: (1) class-wide resolution is the only practical method to address the alleged violations in the amended complaint, given that there are over one hundred thousand putative Settlement Class Members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal regress; (2) Class Counsel is not aware of pending individual litigation against the Defendants regarding the subject matter of the amended complaint; and (3) concentrating the resolution of this case in one forum is desirable because resolution of this case through class action settlement will achieve significant economies for the parties, the proposed Settlement Class, and the Court. ECF No. 110 at 29; ECF No. 110-1 at ¶ 11.

Given this, the factors set forth in Fed. R. Civ. P 23(b)(3)(A)-(C) also weigh in favor of proceeding as a class action in this case. And so, the Court PRELIMINARILY CERTIFIES the Class as follows:

> All individuals who, per the Consent Order, received Late fee refunds.

> Excluded from the class are the Honorable Lydia Kay Griggsby, any and all court staff who would otherwise qualify as putative class members, Plaintiffs' Counsel who would otherwise qualify as putative class members, and Defendants' Counsel who would otherwise qualify as putative class members.

### B. The Court Appoints The Proposed Class Counsel

The Court will also APPOINT Jonathan Kagan of Kagan Stern Marinello & Beard LLC; Keith T. Vernon and Andrew W. Knox Timoney Knox, LLP; and Andrea R. Gold and Gemma Seidita of Tycko & Zavareei LLP (the "Proposed Class Counsel"). Fed. R. Civ. P. 23(g)(1).

When determining whether to appoint class counsel in this case, the Court considers: (1) the work counsel has done in identifying or investigating potential claims in the action; (2)

counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Proposed Class Counsel satisfy this criteria for several reasons.

First, the Proposed Class Counsel have expended significant time, effort and expense investigating the Defendants' documents, practices and actions prior to and since filing this action and investigated the claims for this action. ECF No. 110 at 35; *see* ECF No. 110-2 at ¶¶ 2-6. Notably, these attorneys have worked on this litigation for four years prior to reaching the proposed Settlement Agreement with the Defendants. ECF No. 110 at 28.

The Plaintiffs have also shown that the Proposed Class Counsel, and their respective law firms, have extensive experience and knowledge with regards to litigating complex civil litigation and/or class action matters. *See* ECF No. 110-2 at ¶¶ 15-36. Notably, several of the Proposed Class Counsel have previously been appointed as class counsel in other class action cases. *Id.* at ¶¶ 17, 20, 27 and 30. Lastly, the Court observes that the Proposed Class Counsel have already devoted significant time and resources to this litigation to advance this litigation and adequately represent the Plaintiffs and Settlement Class. *See* ECF No. 110-2 at ¶¶ 2-6. And so, the factors under Fed. R. Civ. P. 23(g)(1) weigh in favor of appointing the Proposed Class Counsel. Fed. R. Civ. P. 23(g)(1)(A).

## C. The Court Preliminary Approves The Settlement Agreement

Having decided to conditionally certify the Settlement Class, the Court next considers whether to grant preliminary approval of the Settlement Agreement. For the reasons set forth below, the Court PRELIMINARILY APPROVES the Settlement Agreement.

### 1. The Settlement Agreement Is Fair

First, the Court is satisfied that the Settlement Agreement is fair. In determining whether to preliminarily approve the Settlement Agreement, the Court considers the factors set forth in Fed. R. Civ. P. 23(e)(2), which provide that the Court may find that the Settlement is fair, reasonable and adequate after considering whether:

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

      (i)     the costs, risks, and delay of trial and appeal;

      (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).  "With regard to the 'fairness' element, the purpose of the inquiry is to protect against the danger of counsel—who are commonly repeat players in larger-scale litigation—from 'compromising a suit for an inadequate amount for the sake of insuring a fee.'"  *In re Am. Cap. S'holder Derivative Litig.*, 2013 WL 3322294, at *3 (citations omitted). And so, the Court considers the following factors when determining fairness: (1) whether the proposed settlement is the product of good faith bargaining at arm's length; (2) the posture of the case at settlement; (3) the extent and sufficiency of discovery conducted; (4) counsel's experience with similar litigation and their relevant qualifications; and (5) any pertinent circumstances surrounding the negotiations.  *Id.* (citations omitted).

In this case, these factors weigh in favor of determining that the Settlement Agreement is fair for several reasons.  First, the facts before the Court show that the Settlement Agreement is the product of good faith bargaining at arm's length, because the parties engaged in arm's length settlement negotiations through a mediator, the Honorable Benson E. Legg (Ret.).  ECF No. 110 at 22; *see also Hutton v. Nat's Bd. of Exam'rs in Optometry, Inc.*, No. CV JKB-16-3025, 2019 WL 3183651, at *5 (D. Md. July 15, 2019) ("reliance on a neutral mediator experienced in complex litigation [or a court-affiliated mediator], indicate the Settlement is fair and that it should be approved").  Second, the posture of this case also favors approving the Settlement Agreement, because the parties have engaged in significant discovery for approximately one year before reaching a settlement.  ECF No. 110 at 23.

Lastly, the parties were represented by experienced counsel during their settlement negotiations.  ECF No. 110-2; *In re Am. Cap. S'holder Derivative Litig.*, 2013 WL 3322294, at *4 (noting satisfaction with plaintiffs' counsel who "are affiliated with well-regarded law firms with strong experience[,]" weighed toward finding proposed settlement was not the product of

procedural impropriety).  And so, for these reasons, the Court is satisfied that the proposed Settlement Agreement is fair.

### 2.  The Settlement Agreement Is Adequate

The Court is also satisfied that the proposed Settlement Agreement is adequate.  In determining whether a settlement is adequate, the Court considers: (1) the relative strength and weaknesses of the plaintiffs' case on the merits; (2) the cost of additional litigation; (3) defendants' ability to pay a judgment; and (4) any opposition to the settlement.  *In re Am. Cap. S'holder Derivative Litig.*, 2013 WL 3322294, at *3 (internal quotation marks and citations omitted).  Here, these factors weigh in favor of determining that the Settlement Agreement is adequate for several reasons.

First, the parties acknowledge that there are strengths and weaknesses to the Plaintiffs' case.  Notably the Defendants contest liability and the Plaintiffs also acknowledge that there are some litigation risks if this case were to trial.  ECF No. 110 at 27.  The parties also agree that further litigation of this case would be very expensive, because they would face the high costs of class certification briefing, summary judgment briefing, and a trial.  *Id.*  Lastly, the Court observes that there are currently no objections to the proposed Settlement Agreement.  And so, for these reasons, the proposed Settlement agreement is also adequate.

### D.  The Court Approves The Proposed Notice

As a final matter, the Court will APPROVE the parties' proposed Notice to the Settlement Class Members, because this Notice complies with the requirements of Fed. R. Civ. P. 23 and due process.  Fed. R. Civ. P. 23(e)(1)(B) provides that the Court:

> must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the [C]ourt will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e)(1)(B).  In addition, Fed. R. Civ. P. 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3) —or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood

language:
  (i)   the nature of the action;
  (ii)   the definition of the class certified;
  (iii)   the class claims, issues, or defenses;
  (iv)   that a class member may enter an appearance through an attorney if the member so desires;
  (v)   that the court will exclude from the class any member who requests exclusion;
  (vi)   the time and manner for requesting exclusion; and
  (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Notice of a class action settlement must also satisfy due process. *See McAdams*, 26 F.4th at 158.

In this case, the Plaintiffs have shown that their proposed Notice satisfies the requirements of Rule 23 and due process. Pursuant to the Settlement Agreement, the parties propose that the Settlement Administrator will send individualized notices to the Settlement Class Members *via*: (1) Email Notice to Current and Former Policyholders for whom Defendants have email addresses; (2) Postcard Notice to those Former Policyholders for whom Defendants do not have email addresses and for those who have not agreed to electronic transactions with Defendants, or for which the Email Notice is returned undeliverable; and (3) Long Form Notice with greater detail than the Email Notice and Postcard Notice, which shall be available on the Settlement Website and/or via mail upon request by an Settlement Class Member. ECF No. 110-1 at ¶ 89. The Settlement Agreement provides that the Notice will include, among other things:

> [A] description of the material terms of the Settlement; a deadline by which Settlement Class Members may opt-out of the Settlement Class; a deadline by which Settlement Class Members may object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing, location, date, and time; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel and Defendants shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the Defendants' logos or trademarks or the return address of Defendants, or otherwise be styled to appear to originate from Defendants.

*Id.* at ¶ 91. The Settlement Agreement also provides that the Settlement Administrator shall

establish a Settlement Website that will include, among other documents, the Notice, the Settlement Agreement and its exhibits. *Id*. at ¶ 80. Given this, the Court is satisfied that the proposed Notice will provide sufficient information about the nature of this case, how to opt in or out of the Settlement Class and the binding effect of the Settlement Agreement, and thus fulfills the requirements of Fed. R. Civ. P. 23 and due process. And so, the proposed Notice is a whole is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314 (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiffs' consent motion for preliminary approval of the settlement agreement (ECF No. 110);

(2) **CONDITIONALLY CERTIFIES** the Proposed Settlement Class;

(3) **APPOINTS** the Proposed Class Counsel;

(4) **PRELIMINARILY APPROVES** the Settlement Agreement.


In addition, the Court **ORDERS** as follows:

<u>**Jurisdiction.**</u> The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

<u>**Class Findings.**</u> The Court preliminary finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Local Rules of Civil Procedure for the District of Maryland, and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminary finds that there are one or more questions of fact and/or law common to the Settlement Class and that these common questions predominate over questions impacting only individual members.

(c) The Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in

that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting claims involving improper business practices.

(e) A class action is superior to other methods of adjudication due to (i) the risks of varying or inconsistent adjudications as to individual proceedings and because individual adjudication could be prohibitively expensive, (ii) proposed Class Counsel and the Court are unaware of pending individual litigation against Defendants regarding the subject matter of Plaintiffs' Amended Complaint, and (iii) because concentrating the resolution of this Action in this form is desirable because it promotes judicial economy.

**Class Certification.** Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e)(2) in this litigation (the "Settlement Class"):

> All individuals who, per the Consent Order, received Late Fees refunds. Excluded from the class are the Honorable Lydia Kay Griggsby, and any and all court staff who would otherwise qualify as the putative class members, Plaintiffs' Counsel who would otherwise qualify as the putative class members, and Defendants' Counsel who would otherwise qualify as the putative class members.

The Court also finds that Andrea R. Gold and Gemma Seidita of Tycko & Zavareei LLP; Keith T. Vernon and Andrew W. Knox. of Timoney Knox, LLP; and Jonathan P. Kagan of Kagan Stern Marinello & Beard, LLC have and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Andrea R. Gold, Gemma Seidita, Keith T. Vernon, Andrew W. Knox, and Jonathan Kagan as co-lead class counsel ("Class Counsel"), with respect to the Settlement Class in this Action. In addition, the Court finds that Plaintiffs are adequate and typical class representatives of the Settlement Class, and therefore, hereby **APPOINTS** them as the representatives of the Settlement Class ("Settlement Class Representatives").

**Preliminary Approval Of Settlement.** The Settlement documented in the Settlement Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that:

    (a)  The proposed Settlement resulted from arm's-length negotiations;

    (b)  The Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims;

    (c)  There is a genuine controversy between the Parties involving Defendants' allegedly unlawful retention of interest accrued or gains otherwise made on unlawfully charged Late Fees;

    (d)  The Settlement appears on its face to be fair, reasonable, and adequate; and

    (e)  The Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Final Approval Motion And Hearing.** Plaintiffs shall file their motion for final approval of the settlement **no later than 45 calendar days** before the original date set for the final approval hearing.

The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **April 28, 2026, at 10:00 a.m**. at the U.S. District Court for the District of Maryland, Greenbelt Division, 6500 Cherrywood Lane, Suite 400, Greenbelt, MD 20770, to determine finally, among other things:

    (a)  Whether the Settlement should be approved as fair, reasonable, and adequate;

    (b)  Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

    (c)  Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    (d)  Whether the Final Approval Order to be filed by Class Counsel should be entered, whether the Released Parties should be released of and from the Released Claims, and whether Releasing Parties shall be barred and enjoined from pursuing any Released Claims against the Released Parties at any time, as provided in the Settlement Agreement;

    (e)  Whether the notice and notice methodology implemented pursuant to the

Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to or opt out of the Settlement, and their right to appear at the Final Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Calculation and Disbursement of Settlement Class Member Payments is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Settlement Class;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether Service Awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for approval of the Settlement.

**Class Notice.** The parties have presented to the Court proposed Class Notices, appended to the Settlement Agreement as Exhibits 1A-C. The Court **APPROVES** the form and content of the Class Notices finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Final Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement or opt out of the Settlement Class. The Parties have proposed the following manner of communicating the notice to Members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that the Parties shall:

(a) As soon as practicable after Preliminary Approval, Defendants shall provide the Settlement Class List to the JND Legal Administration (the "Settlement Administrator"), then the Parties shall direct the Settlement Administrator to

commence the Notice Program;

(b) Such Notice Program includes direct notice by either: (i) electronic mail to Settlement Class Members for whom Defendants have email addresses or (ii) mailing of a Postcard Notice to the each Settlement Class Members for whom Defendants do not have an email address, or for those who have not agreed to electronic transactions with Defendants, or for whom the Email Notice is returned undeliverable: the Settlement Administrator shall run the mailing addresses provided by Defendants through the National Change of Address Database and shall mail the Postcard Notice to all such Settlement Class Members; and the Notice Program further includes a Long Form notice to be posted on www.USAALateFeeLitigation.com (the "Settlement Website") which shall be available via mail upon request by a Settlement Class Member to the Settlement Administrator;

(c) No later than 60 days before the original date set for the Final Approval hearing, the Settlement Administrator shall perform reasonable address traces for any Postcard Notices returned undeliverable, and shall complete the re-mailing of Postcard Notice to those Settlement Class Members who whose new addresses were identified at that time through address traces;

(d) No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the Notice Program.

Prior to the Final Approval Hearing, Class Counsel shall file with the Court proof of compliance with the foregoing Notice Program requirements in the form of a declaration from the Settlement Administrator.

**Objections To Settlement.** Any Settlement Class Member who objects to the fairness, reasonableness, or adequacy of the Settlement, Notice Program, proposed award of attorneys' fees and expenses, or proposed Service Awards must include the following in their objection: (i) the name of the Action; (ii) a brief statement identifying membership in the Settlement Class; (iii) the objector's full name, address, email address (if any), the last four digits of the policy number(s) or former policy number(s) or the objector's USAA Member number, and telephone number; (iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (v) the number of times the objector has objected to a class action

settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (vi) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Attorneys' Fees, Costs, and Service Awards; (vii) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; (viii) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (ix) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (x) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (xi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (xii) the objector's signature (an attorney's signature is not sufficient). Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objection consistent with the Federal Rules of Civil Procedure (including taking a deposition).

 All objections must be made during the Objection Period, which shall end no later than 30 days before the original date scheduled for the Final Approval hearing and mailed to either of the following addresses:

> **Black v. USAA**
> **c/o JND Legal Administration**
> **PO Box 91109**
> **Seattle, WA 98111**
>
> **U.S. District Court for the District of Maryland - Greenbelt Division**
> **6500 Cherrywood Lane**
> **Greenbelt, MD 20770**

 An Objector who files and serves a timely, written objection in accordance with the paragraphs above may also appear at the Final Approval Hearing in person or through

counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Final Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things the name, address, and telephone of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney or counsel identified above and file it with the Court **at least fifteen (15) calendar days** prior to the Final Approval Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

The Parties shall respond to any Objector **at least seven (7) calendar days** prior to the Final Approval Hearing.

**Requests To Opt Out Of Settlement.** Any Settlement Class Member who wishes to the opt out from the Settlement Class must include the following in their Opt Out Request: (i) the requestor's full name, address, email address (if any), (ii) the last four digits of the policy number(s) or former policy number(s) for the requestors policies with the USAA Defendants; (iii) a brief statement identifying the requester's membership in the Settlement Class; (iv) a statement indicating the requestor's desire to be excluded from the Settlement Class;  (v) the requestor's  signature (an attorney's signature is not sufficient). "Mass" or "Class" opt outs are not permitted.

All Opt Out Requests must be made during the Opt Out Period, which shall end **no later than 30 calendar days** before the original date scheduled for the Final Approval Hearing and mailed to the following address:

> **Black v. USAA**
> **c/o JND Legal Administration**
> **PO Box 91109**
> **Seattle, WA 98111**

**Compliance With Class Action Fairness Act.** Defendants shall, **on or before ten (10) calendar days** prior to the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**Notice Expenses.** Defendants shall directly pay for all Settlement Administration Costs separate and apart from the Settlement Fund, including the expenses associated with the Notice Program.

**<u>Application For Attorneys' Fees And Expenses And Application for Service Awards.</u>**

Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for Service Awards to Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record **at least forty-five (45) calendar days** prior to the Final Approval Hearing. The sum of the monetary amounts requested in any such applications shall not exceed $2 million.

**<u>Termination Of Settlement.</u>** If the Settlement is terminated in accordance with the Settlement Agreement, or does not become final under the Settlement Agreement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**<u>Continuance Of Hearing.</u>** The Court reserves the right to continue the Final Approval Hearing without further written notice.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge