IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WALTER BLACK, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>USAA GENERAL INDEMNITY COMPANY, *et al.*, )<br><br>Defendants. ) | Civil Action No. 21-cv-1581-LKG<br><br>Dated:  May 5, 2026 |

## MEMORANDUM OPINION ON MOTION FOR ATTORNEYS' FEES AND COSTS

### I.    INTRODUCTION

On March 16, 2026, the Plaintiffs, Walter Black III, Keith Barr, Wayne Best and David Fant, Sr., filed a motion for award of attorneys' fees, costs and service awards in the above-captioned class action.  ECF Nos. 115, 115-1, 115-2, 115-3, 115-4 and 115-5.  The Court held a hearing on the motion on April 28, 2026.  ECF No. 121.  On April 30, 2026, the Plaintiffs filed supplemental declarations in support of the motion.  ECF No. 124, 124-1, 124-2, 124-3 and 124-4.  For the reasons that follow, and those stated during the April 28, 2026, hearing, the Court: (1) **GRANTS** the Plaintiffs' motion for attorneys' fees, costs and service awards (ECF No. 115); and (2) **AWARDS** the Plaintiffs **$1,897,980.94** in attorneys' fees and **$83,918.04** in costs.

### II.    FACTUAL BACKGROUND

As background, the Plaintiffs in this class action allege that the Defendants illegally collected certain late fees from more than 127,000 Maryland insurance policyholders, including the Plaintiffs, during the period June 27, 2011, and September 30, 2019, in violation of Maryland Insurance Code § 27-216(b)(3)(i) and (b)(3)(ii)(2).  *See* ECF No. 86.  The Plaintiffs seek to recover the gains, profits, interest and/or otherwise increased value of these wrongly assessed late fees, which they contend the Defendants improperly obtained from their policyholders.  *Id*.

The parties participated in a formal mediation before the Honorable Benson E. Legg on November 7, 2024, and the parties agreed to Judge Legg's proposal on key settlement terms on

June 3, 2025.  ECF No. 114-1.  On April 29, 2026, the Court issued a Memorandum Opinion and Order (the "April 29, 2026, Decision") granting the Plaintiffs' motion for final approval of class action settlement and granting-in-part the pending motion for attorneys' fees, costs and service awards, with regards to the requested service awards.  ECF No. 123.  The Court incorporates the factual and procedural background for the case set forth in the April 29, 2026, Decision herein.

III.    **LEGAL STANDARD**

   A. **Attorneys' Fees And Costs**

In a class action, the Court may award reasonable attorneys' fees and nontaxable costs as authorized by law or by agreement.  Fed. R. Civ. P. 23(h).  In this regard, the Fourth Circuit has explained that "[t]here are two main methods for calculating the reasonableness of attorney's fees—the lodestar method and the percentage-of-recovery method"—and that a "district court may choose the method it deems appropriate based on its judgment and the facts of the case." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022).  And so, courts in the Fourth Circuit generally use a percentage-of-recovery method and supplement it with the lodestar method as a cross-check.  *See Donaldson v. Primary Residential Mortg., Inc*., No. 19-1175, 2021 WL 2187013, at *8 (D. Md. May 28, 2021); *see also Starr v. Credible Behav. Health, Inc.*, No. 20-2986, 2021 WL 2141542, at *5 (D. Md. May 26, 2021) ("In the Fourth Circuit, 'the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees' in class actions." (quoting *Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 568 (D.S.C. 2015)).

The lodestar amount is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp*., 549 F. 3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F. 2d 273, 277 (4th Cir. 1990)) (quotations omitted); *see also De La Cruz v. Chopra, et al*., No. 18-0337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018) (The lodestar method "multiplies the number of hours reasonably expended by a reasonable hourly rate.").  In addition, the Court analyzes the following seven factors in determining whether attorneys' fees are reasonable: "(1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy[.]" *Feinberg v. T. Rowe Price Grp., Inc.*, 610 F.

Supp. 3d 758, 771 (D. Md. 2022); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 682 (D. Md. 2013); *see also Kelly v. Johns Hopkins Univ.*, No. 16-2835, 2020 WL 434473, at *2 (D. Md. Jan. 28, 2020) (same); *Donaldson*, 2021 WL 2187013, at *8 (same).  But, the Court need not apply these factors in a "formulaic way" and may weigh the factors as appropriate for a particular case.  *Singleton*, 976 F. Supp. 2d at 682.  The Court may also award reasonable costs incurred during the litigation.  *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988); *see also Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 468 (D. Md. 2014).

IV.    ANALYSIS

### A. The Requested Attorneys' Fees Are Reasonable

As an initial matter, the Court is satisfied that the attorneys' fees requested by the Plaintiffs in this class action matter are reasonable, given the nature and length of this litigation. And so, the Court **AWARDS** the Plaintiffs **$1,897,980.94** in attorneys' fees for the reasons that follow.

To evaluate the reasonableness of the requested attorney's fees, the Court employs the percentage-of-recovery method and supplements it with the lodestar method as a cross-check. *See Donaldson v. Primary Residential Mortg., Inc.*, No. 19-1175, 2021 WL 2187013, at *8 (D. Md. May 28, 2021).  In this case, the Plaintiffs request an award of attorneys' fees in the amount of **$1,897,980.94** for **4,127.4** hours of attorney and paralegal time, which comprises approximately 37% of the total settlement amount in this case.  ECF No. 115-1 at 2; ECF No. 124 (Supp. Gold. Decl.).  The requested attorneys' fees arise from the work of the following five law firms that worked on this matter since its inception on June 25, 2021: (1) Tycko & Zavareei LLP; (2) Timoney Knox LLP; (3) Kagan Stern Marinello & Beard LLC; (4) The Kohn Law Group; and (5) Shub Johns & Holbrook LLP.  ECF No. 115-1 at 20; ECF No. 124 (Supp. Gold. Decl.) at ¶ 15.  And so, the Court considers the reasonableness of the attorneys' fees requested by each of these law firms below.

First, the Plaintiffs seek to recover attorneys' fees for the **1,084.1** hours billed by attorneys and paralegals at Tycko & Zavareei LLP.  ECF No. 114-4 (Gold Decl.) at ¶ 13; ECF No. 124 (Supp. Gold Decl.) at Exhibit 1.  The hours spent on this case by attorneys and paralegals at Tycko & Zavareei LLP, and their respective hourly rates, are shown in the Table below.

3

Tycko & Zavareei LLP

| Timekeeper | Hours | Ordinary Hourly Rate | Ordinary Lodestar | Fitzpatrick Matrix Rate | Fitzpatrick Matrix Lodestar |
|---|---|---|---|---|---|
| Andrea Gold | 402.9 | $1,227.00 | $494,538.30 | $868.00 | $349,717.20 |
| Gemma Seidita | 442.8 | $625.00 | $276,750.00 | $691.00 | $305,974.80 |
| Mallory Morales | 103.6 | $381.00 | $39,471.60 | $474.00 | $49,106.40 |
| Em Cooper | 8.0 | $508.00 | $4,064.00 | $581.00 | $4,648.00 |
| Robin Bleiweis | 2.9 | $508.00 | $1,473.20 | $581.00 | $1,684.90 |
| Lavanya Prabhakar | 23.5 | $508.00 | $11,938.00 | $581.00 | $13,653.50 |
| Troy Brown | 17.5 | $508.00 | $8,890.00 | $561.00 | $9,817.50 |
| Allegra Lubar | 49.1 | $277.00 | $13,600.70 | $255.00 | $12,520.50 |
| Stephanie Ricker | 10.3 | $225.00 | $2,317.50 | $220.00 | $2,266.00 |
| James Morrison | 9.1 | $225.00 | $2,047.50 | $220.00 | $2,002.00 |
| Alicia Linthicum-Amos | 4.8 | $277.00 | $1,329.60 | $255.00 | $1,224.00 |
| Genna Wolinsky | 7.2 | $258.00 | $1,857.60 | $236.00 | $1,699.20 |
| Nicole Porzenheim | 0.9 | $208.00 | $187.20 | $200.00 | $180.00 |
| Emma Bass | 0.8 | $258.00 | $206.40 | $255.00 | $204.00 |
| Aaron McReynolds | 0.4 | $208.00 | $83.20 | $207.00 | $82.80 |
| Adam Cardona | 0.3 | $277.00 | $83.10 | $255.00 | $76.50 |
| **Total** | 1,084.1 | | $858,657.90 | | $754,857.30 |

ECF No. 124 (Supp. Gold Decl.) at Exhibit A.

The Court is satisfied that the hourly rates for the attorneys and paralegals at Tycko & Zavareei LLP are reasonable. Tycko & Zavareei LLP is a Washington, DC-based law firm and the above hourly rates are close to, and generally fall below, the hourly rates set forth in the Fitzpatrick Matrix. *Id.* at ¶ 3 and Exhibit A; *see also* L. R. App. B (D. Md. 2025) (recognizing that the Fitzpatrick Matrix is an appropriate guideline for determining reasonable hourly rates in this District.).

The Court is also satisfied that the number of billable hours requested by Tycko & Zavareei LLP (1,084.1) is reasonable, given the nature and length of this class action litigation. In the Declaration of Class Counsel Andrea R. Gold, Ms. Gold states that lawyers with Tycko &

4

Zavareei LLP were involved with the pre-suit investigation of this case and later defended three rounds of motion to dismiss briefing.  ECF No. 114-4 (Gold. Decl.) at ¶¶ 15-16.  Ms. Gold also explains that lawyers with Tycko & Zavareei LLP assisted in the discovery phase of this case, including preparing and reviewing written discovery requests and document productions.  *Id.* at ¶¶ 17 and 22.  In addition, Ms. Gold states that attorneys with Tycko & Zavareei LLP assisted in vetting potential economic experts for the Plaintiffs, drafted the Plaintiffs' mediation statement with co-counsel of record and took the lead on settlement communications with Judge Legg.  *Id.* at ¶¶ 18 and 20.

Lastly, Ms. Gold states that she represented the Plaintiffs during the November 19, 2025, hearing on their motion for preliminary approval of the Settlement Agreement, worked with the Settlement Administrator to implement the Notice Plan and drafted the pending motion for attorneys' fees and costs as well as the motion for final approval of the proposed settlement.  *Id.* at ¶¶ 25-28.  And so, the number of hours billed in this case is reasonable, given the nature of the work performed by the attorneys and paralegals with Tycko & Zavareei LLP during the four-year period of this litigation.

Second, the Plaintiffs seek to recover attorneys' fees for the **2,744.2** hours billed by attorneys and paralegals with the law firm of Timoney Knox LLP.  ECF No. 124-1 (Supp. Vernon Decl.) at ¶ 8.  The hours spent per attorney and paralegal at Timoney Knox LLP, and their respective hourly rates, are shown in the Table below.

Timoney Knox LLP

| Timekeeper | Hours | Ordinary Hourly Rate | Ordinary Lodestar | Fitzpatrick Matrix Rate | Fitzpatrick Matrix Lodestar |
|---|---|---|---|---|---|
| Keith Vernon | 1027.6 | $755.00 | $775,838.00 | $915.00 | $940,254.00 |
| Scott Wolpert | 35.8 | $625.00 | $22,375.00 | $931.00 | $33,329.80 |
| Andrew Knox | 1114.0 | $495.00 | $551,430.00 | $806.00 | $897,884.00 |
| Kathleen Vermilion | 521.5 | $375.00 | $195,562.50 | $707.00 | $368,700.50 |
| Chloe Mullen-Wilson | 7.2 | $365.00 | $2,628.00 | $490/ $536 | $3,716.60 |
| Amie Reagan | 31.9 | $250.00 | $7,975.00 | $200.00 | $6,380.00 |
| Legal Assistant | 6.2 | $125.00 | $775.00 | N/A | N/A |
| **Total** | 2,744.2 | | $1,556,583.50 | | $2,250,264.90 |

ECF No. 124-1 (Supp. Vernon Decl.) at ¶ 8.

The Court is satisfied that that the hourly rates for attorneys and paralegals with Timoney Knox LLP are also reasonable.  Timoney Knox LLP is a Washington, DC and Fort Washington, PA-based law firm and the above hourly rates are lower than the hourly rates set forth in the Fitzpatrick Matrix.  ECF No. 124-1 (Supp. Vernon Decl.) at ¶¶ 4 and 8; *see also* L. R. App. B (D. Md. 2025) (recognizing that the Fitzpatrick Matrix is an appropriate guideline for determining reasonable hourly rates in this District.).  Class Counsel Keith T. Vernon also represents to the Court that his hourly rate falls within the normal and customary range for attorneys in Washington, DC and that the hourly rates for the other professionals from Timoney Knox LLP are within a normal and customary range for attorneys in Fort Washington, Pennsylvania.  *See* ECF No. 124-1 (Supp. Vernon Decl.) at ¶ 8.

The number of billable hours requested by Timoney Knox LLP (2,744.2) is also reasonable, given the nature and length of this class action litigation.  Mr. Vernon explains in his declaration that attorneys and paralegals with Timony Knox LLP were involved in the pre-suit investigation of this case, assisted with researching and drafting for three rounds of motion to dismiss briefing and that he argued on behalf of the Plaintiffs during the hearing on the Defendants' renewed motion to dismiss.  ECF No. 115-2 (Vernon Decl.) at ¶¶ 13-14. Mr. Vernon also represents that Timoney Knox LLP attorneys, among other things, assisted in vetting potential economic experts for the Plaintiffs, drafted the Plaintiffs' mediation statement with co-counsel, assisted in preparing and reviewing written discovery, conducted depositions and assisted in preparing the pending motion for attorneys' fees and costs and the Plaintiffs' motion for final approval of the proposed settlement.  *Id.* at ¶¶ 15-17 and 22.  And so, the number of billable hours requested is also reasonable, given the nature of the work performed by attorneys and paralegals with Timoney Knox LLP during the four-year period of this litigation.

Third, the Plaintiffs seek to recover attorneys' fees for the **161.1** hours billed by attorneys and paralegals at the law firm of Kagan Stern Marinello & Beard LLC.  ECF No. 115-3 (Kagan Decl.) at ¶ 9; ECF No. 124-2 (Supp. Kagan Decl.) at ¶ 7.  The hours spent per attorney and paralegal at Kagan Stern Marinello & Beard LLC, and their respective hourly rates, are shown in the Table below.

6

Kagan Stern Marinello & Beard LLC

| Timekeeper | Hours | Ordinary Hourly Rate | Ordinary Lodestar | Fitzpatrick Matrix Rate | Fitzpatrick Matrix Lodestar |
|---|---|---|---|---|---|
| Jonathan Kagan | 107.4 | $550.00 | $59,070.00 | $927.00 | $99,559.80 |
| Heather Yeung | 28.0 | $350.00 | $9,800.00 | $707.00 | $19,796.00 |
| Meagan Borgerson | 8.7 | $425.00 | $3,697.50 | $675.00 | $5,872.50 |
| Veronica Mina | 3.6 | $350.00 | $1,260 | $581.00 | $2,091.60 |
| Paralegal 1 | 1.1 | $150.00 | $165.00 | $255.00 | $280.50 |
| **Total** | 161.1 | | $73,992.50 | | $127,600.40 |

ECF No. 124-2 (Supp. Kagan Decl.) at ¶ 7.

The Court is satisfied that the above hourly rates for attorneys and paralegals at Kagan Stern Marinello & Beard LLC are reasonable. Kagan Stern Marinello & Beard LLC is a Maryland-based law firm and the requested hourly rates are lower than the hourly rates set forth in the Fitzpatrick Matrix. *Id.*; ECF No. 115-3 (Kagan Decl.) at ¶ 21; *see also* L. R. App. B (D. Md. 2025) (recognizing that the Fitzpatrick Matrix is an appropriate guideline for determining reasonable hourly rates in this District.). Class Counsel Jonathan P. Kagan also represents to the Court that the requested hourly rates in this case are consistent with the prevailing hourly rates for attorneys and legal support staff in Anne Arundel County, Maryland. *See* ECF No. 115-3 (Kagan Decl.) at ¶ 21.

The number of billable hours requested by Kagan Stern Marinello & Beard LLC (161.1) is also reasonable, given the nature and length of this class action litigation. Mr. Kagan represents to the Court that lawyers with Kagan Stern Marinello & Beard LLC were also involved in the pre-suit investigation of this case and assisted co-counsel in defending three rounds of motion to dismiss briefing. ECF No. 115-3 (Kagan Decl.) at ¶¶ 11-12. In this regard, Mr. Kagan also represents that he assisted in the preparation of, and attended the hearing for, the Defendants' renewed motion to dismiss. *Id.* Mr. Kagan also represents that attorneys with Kagan Stern Marinello & Beard LLC prepared and reviewed written discovery, attended two depositions in this case, collaborated with co-counsel on the drafting of the mediation statement, attended the in-person mediation and assisted in preparing the pending motion for attorneys' fees and costs and the Plaintiffs' motion for final approval of the proposed settlement. *Id.* at ¶¶ 14-15 and 20. And so, the number of billable hours requested is also reasonable, given the nature of

the work performed by attorneys and paralegals with Kagan Stern Marinello & Beard LLC during the four-year period of this litigation.

Fourth, the Plaintiffs seek to recover attorneys' fees for the **86.5** hours billed by Karen Kohn of The Kohn Law Group in connection with this case.  ECF No. 115-4 (Kohn Decl.) at ¶ 24; ECF No. 124-3 (Supp. Kohn Decl.) at ¶ 4.  The hours spent by Ms. Kohn and her hourly rate are shown in the Table below.

Karen Kohn of The Kohn Law Group

| Timekeeper | Hours | Fitzpatrick Matrix Rate | Fitzpatrick Matrix Lodestar |
|---|---|---|---|
| Karen Kohn | 86.5 | $924 | $79,926.00 |

ECF No. 124-3 (Supp. Kohn Decl.) at ¶ 4.

The Court is satisfied that the hourly rate for Ms. Kohn is reasonable.  In her supplemental declaration, Ms. Kohn represents to the Court that her hourly rate is consistent with the prevailing hourly rates for attorneys in the Washington, DC area.  *See* ECF No. 124-3 (Supp. Kohn Decl.) at ¶ 3.  Ms. Kohn seeks the Fitzpatrick Matrix hourly rate, which is $924, given her 31 years of experience practicing law.  ECF No. 115-4 (Kohn Decl.) at ¶ 6.

The number of hours billed (86.5) is also reasonable, given the nature of Ms. Kohn's involvement in this case.  Ms. Kohn represents that she also participated in the pre-suit investigation of this case and that she assisted in interviewing potential clients and reviewing their insurance bills and policies.  ECF No. 115-4 at ¶¶ 9-10.  Ms. Kohn also represents that she maintained contact with Class Representative Walter Black during the four-year litigation, participated in strategy discussions to oppose the Defendants' motion to dismiss, participated in the mediation before Judge Legg and reviewed and assisted in preparing the pending motion for attorneys' fees and costs and the Plaintiffs' motion for final approval of the proposed settlement. *Id.* at ¶¶ 11, 13,16 and 21.  And so, the number of billable hours requested is also reasonable, given her role in the case.

Lastly, the Plaintiffs seek to recover attorneys' fees for **51.5** hours spent by Jonathan Shub of the law firm Shub Johns & Holbrook LLP on this case.  ECF No. 115-5 (Shub Decl.) at ¶ 18; ECF No. 124-4 (Supp. Shub Decl.) at ¶ 3.  The hours spent by Mr. Shub and his hourly rate are shown in the Table below.

Jonathan Shub

| Timekeeper | Hours | Hourly Rate | Ordinary Lodestar | Fitzpatrick Matrix Rate | Fitzpatrick Matrix Lodestar |
|---|---|---|---|---|---|
| Jonathan Shub | 51.5 | $1,150.00 | $59,225.00 | $933.00 | $48,049.50 |

ECF No. 124-4 (Supp. Shub Decl.) at ¶ 3.

The Court is satisfied that the hourly rate for Ms. Shub is reasonable. In his supplemental declaration, Mr. Shub represents to the Court that Shub Johns & Holbrook LLP is a Conshohocken, PA-based law firm and that the Fitzpatrick Matrix rates—which are based on the Washington, DC legal market—are lower than the regularly used rates at Shub Johns & Holbrook LLP. ECF No. 124-4 (Supp. Shub Decl.) at ¶¶ 1-2; *see also* L. R. App. B (D. Md. 2025) (recognizing that the Fitzpatrick Matrix is an appropriate guideline for determining reasonable hourly rates in this District).[1] But Mr. Shub also represents to the Court that other courts have adopted his law firm's hourly rates when awarding attorneys' fees to the law firm in class action matters. ECF No. 124-4 (Supp. Shub Decl.) at ¶ 2.

The Court is also satisfied that the number of hours billed by Mr. Shub (51.5) is reasonable. In his declaration, Mr. Shub represents to the Court that he participated in the pre-suit investigation of this case and attended the full-day mediation before Judge Legg. ECF No. 115-5 (Shub Decl.) at ¶¶ 12 and 14. Mr. Shub also represents that he reviewed and assisted in preparing the pending motion for attorneys' fees and costs and the motion for final approval of the proposed settlement. *Id.* at ¶ 15. And so, the number of hours billed in this case is reasonable, given Mr. Shub's role in the case.

Importantly, the Court also observes that the total amount of the attorneys' fees requested in this case is approximately 37% of the total settlement value. ECF No. 115 at 1. And so, this recovery falls within the range of percentage-of-recoveries that this Court has found to be reasonable. *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 685 (D. Md. 2013) (finding that fees awarded under "the percentage-of-recovery" method in settlements under $100 million have ranged from 15% to 40%). And so, the Court AWARDS the Plaintiffs requested attorneys' fees in the amount of **$1,897,980.94** for **4,127.4** billable hours worked on this case.

---

[1] Mr. Shub was admitted to practice in 1988. ECF No. 115-5 (Shub Decl.) at ¶ 4. And so, his hourly rate based on the Fitzpatrick Matrix would be $933.00, which is $217.00 lower than Mr. Shub's ordinary hourly rate of $1,150.00.

### B. The Requested Costs Are Reasonable

As a final matter, the Court is also satisfied that their requested costs in the amount of $83,918.04 are reasonable.  ECF No. 124 (Supp. Gold Decl.) at ¶¶ 8-9.  It is well-established that the Plaintiffs may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  Such costs may include necessary travel, depositions and transcripts, computer research, postage, court costs, photocopying and expert services.  *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 468 (D. Md. 2014); *Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 773 (D. Md. 2022).  Here, the Plaintiffs seek to recover **$83,918.04** in costs as shown in the Table below.

Requested Costs

| Expense Category | Tycko & Zavareei Costs | Timoney Knox Costs | Kagan, Stern, Marinello & Beard Costs | Total |
|---|---|---|---|---|
| Copying/ Printing | $11.25 | | | $11.25 |
| Court Fees and PACER (Filing fees, pro hac vice applications) | $100.70 | $143.83 | $962.00 | $1,206.53 |
| Legal Research | $2,144.04 | | $512.12 | $2,656.16 |
| Postage/Courier | $44.87 | $5.54 | $187.75 | $238.16 |
| Depositions | $7,320.65 | $7,320.65 | | $14,641.30 |
| Travel | $41.99 | $487.06 | $21.95 | $551.00 |
| Expert and Consultant Fees | $4,862.50 | $51,131.80 | | $55,994.30 |
| Mediation | $3,958.30 | $4,661.04 | | $8,619.34 |
| **Total** | **$18,484.30** | **$63,749.92** | **$1,683.82** | **$83,918.04** |

ECF No. 124 (Supp. Gold Decl.) at ¶ 8.

The Plaintiffs represent to the Court that they incurred the above costs in connection with the litigation of this class action matter over the last four years.  ECF No. 115-1 at 22-23; ECF No. 124 (Supp. Gold Decl.) at ¶¶ 8-9.  In this regard, the Plaintiffs also represent that the amount of the costs they seek to recover, when added to the requested attorneys' fees, costs and the service awards previously awarded by the Court, would fall below $2 million cap on attorneys' fees, costs and service awards set forth in the Settlement Agreement.  ECF No. 114-2 at ¶ 114;

ECF No. 124 (Supp. Gold Decl.) at ¶ 9.  The above costs appear to be reasonable given the nature and length of this class action litigation and to comply with the terms of the Settlement Agreement.  And so, the Court also **AWARDS** the Plaintiffs **$83,918.04** in costs.

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiffs' motion for attorneys' fees, costs and service awards (ECF No. 115); and

(2) **AWARDS** the Plaintiffs **$1,897,980.94** in attorneys' fees and **$83,918.04** in costs.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

11